Brooke E. Pietrzak (BP-7314)
Stephen M. Raab (SR-0742)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Defendant*
*Silver Dragon Resources, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHA CAPITAL ANSTALT, | Case No. 07 CV 11430 (CM) |
| Plaintiff, | ECF CASE |
| vs. | **ANSWER TO COMPLAINT** |
| SILVER DRAGON RESOURCES, INC. | |
| Defendant | |

Defendant Silver Dragon Resources, Inc. ("Silver Dragon"), by its undersigned attorneys, hereby answers the Complaint of Alpha Capital Anstalt ("Alpha") in corresponding numbered paragraphs as follows:

1.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, on that basis only, denies the allegations.

2.  Admits the allegations contained in Paragraph 2 of the Complaint.

3.  States that the allegations contained in Paragraph 3 of the Complaint state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Silver Dragon admits, upon information and belief, that diversity exists between the parties such that the exercise of jurisdiction by this Court is proper under 28 U.S.C. § 1332(a).

4. States that the allegations contained in Paragraph 4 of the Complaint state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Silver Dragon admits that this venue is consistent with the parties' agreement.

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. Admits the allegations contained in Paragraph 6 of the Complaint to the extent "the Subscription Agreement" refers to the Subscription Agreement dated November 8, 2006, between Silver Dragon and Alpha Capital, and avers that the purchase was also made upon the terms set forth in the "Summary of Terms and Conditions" signed by Marc Hazout (the "Term Sheet") and the terms agreed to during the negotiations between the parties.

7. Admits that ¶11(b) of the Subscription Agreement is a "Favored Nations Provision," respectfully refers the Court to the Subscription Agreement, the Term Sheet, and the negotiations between the parties for the complete and accurate contents of the Favored Nations Provision and the exceptions thereto, and denies the remaining allegations contained in Paragraph 12 of the Complaint.

8. Admits the allegations contained in Paragraph 8 of the Complaint.

9. Denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, on that basis only, denies the allegations.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Admits that Silver Dragon did not issue additional stock to Alpha Capital or adjust the exercise price of the Warrants in accordance with Alpha Capital's demands, and denies the

remaining allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint and respectfully refers the Court to ¶10.1(iii) of the Subscription Agreement for the complete and accurate contents thereof.

15. Admits that the registration statement referenced in ¶10.1(iii) of the Subscription Agreement was not declared effective by March 13, 2007, denies that such failure continues to date, and denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint and respectfully refers the Court to ¶10.4 of the Subscription Agreement for the complete and accurate contents thereof.

## RESPONSE TO FIRST CLAIM FOR RELIEF

17. Repeats and realleges its responses to Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies that Silver Dragon breached the terms of the Subscription Agreement, denies that Alpha Capital is entitled to preliminary or permanent equitable relief, denies that Alpha Capital will suffer irreparable harm, denies that there is a ¶13(f) of the Subscription Agreement, and respectfully refers the Court to ¶12(f) of the Subscription Agreement for the complete and accurate contents of the provision entitled "Specific Enforcement, Consent to Jurisdiction."

20. States that the allegation contained in Paragraph 20 of the Complaint states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Silver Dragon denies the allegation.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

### RESPONSE TO SECOND CLAIM FOR RELIEF

22. Repeats and realleges its responses to Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF

24. Repeats and realleges its responses to Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies that Alpha Capital has "duly" demanded that Silver Dragon pay liquidated damages, admits that Silver Dragon has not paid Alpha Capital liquidated damages, and denies the remaining allegations contained in Paragraph 26 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

The Complaint fails to state a claim against Silver Dragon upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(No Damage or Injury)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, by the lack of damage or injury to Alpha Capital.

### THIRD AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, because it would be unjustly enriched if permitted to collect the sums to which it claims it is entitled.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith Action)

Alpha Capital is barred from recovery against Silver Dragon, in whole or in part, because, at all relevant times, Silver Dragon acted justifiably, lawfully, in good faith and without improper motive, purpose or intent.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Additional Defenses)

Silver Dragon has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely upon such additional affirmative defenses to the Complaint as may become available or apparent as discovery commences and progresses in this action.

Dated: New York, New York  
       February 5, 2008

Respectfully submitted,

**DORSEY & WHITNEY LLP**

By: /s/Brooke E. Pietrzak  
_____  
Brooke E. Pietrzak (BP-7314)  
Stephen M. Raab (SR-0742)

250 Park Avenue  
New York, New York 10177  
(212) 415-9200

Attorneys for Defendant  
Silver Dragon Resources, Inc.