LAW OFFICES
**KENNETH A. ZITTER**
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

RECEIVED
JUN 13 2008
CHAMBERS OF
THEODORE H. KATZ
US MAGISTRATE JUDGE

June 13, 2008

Magistrate Judge Theodore H. Katz
United States District Judge
United States District Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Alpha Capital Anstalt v Silver Dragon Resources, Inc.</u>
07 CV 11430 (CM)

Dear Magistrate Judge Katz:

    We are counsel for Plaintiff Alpha Capital Anstalt ("Alpha Capital"). We request that Your Honor order Defendant Silver Dragon Resources, Inc. ("SDRG") to respond to the enclosed interrogatories within two business days after Your Honor issues such an Order. The very brief interrogatories seek disclosure of all offers, issuances and agreements to issue common stock, or securities convertible into or exercisable for shares of common stock, by SDRG since January 1, 2008. That information is readily available to SDRG. Unless Alpha Capital obtains that information immediately, rather than allow SDRG the normal period for responding to interrogatories, Alpha Capital may well suffer irreparable harm.

    At the commencement of this case, Alpha Capital moved by Order To Show Cause for preliminary injunctive relief directing SDRG to issue to Alpha Capital immediately 333,333 shares of its common stock.[1] One January 9, 2008, Judge McMahon granted, by default, the requested preliminary injunctive relief. SDRG subsequently moved to re-open the default but withdrew its motion after reviewing Alpha Capital's answering papers on that motion.

    The basis for the Court's award of the preliminary injunction was the "Favored Nations Provision" contained in the agreement between Alpha Capital and SDRG. Alpha Capital initially purchased 500,000 shares of SDRG common stock for $500,000. The Favored Nations Provision required SDRG to issue additional shares of common stock to Alpha Capital in the event SDRG later offered, issued, or agreed to issue any common stock, or securities convertible into or exercisable for such common stock, at a price lower than the $1 per share which Alpha Capital paid for its stock. The purpose of the provision was to lower Alpha Capital's purchase price per share to the new, lower, price at which SDRG was then issuing securities. At the time of the preliminary injunction motion, SDRG had issued warrants exercisable at $0.60 per share. The

---

[1] Alpha Capital also requested and received relief relating to the exercise price of its warrants. That information, however, is not relevant to the instant request.

Court, therefore, required SDRG to deliver an additional 333,333 shares, which would lower Alpha Capital's cost to $0.60 per share.

Alpha Capital satisfied the irreparable harm requirement for the issuance of a preliminary injunction for several reasons. The agreement between the parties permitted Alpha Capital to obtain injunctive relief for breaches of the agreement. SDRG's accountants expressed uncertainty about its ability to continue as a going concern. SDRG, therefore, might well not be in existence at the time any lawsuit concluded. It was highly questionable whether SDRG had sufficient assets to meet any ultimate judgment. Additionally, SDRG itself stated that its assets were located outside of the United States and it may be difficult to collect on any judgment against it in the United States.

Based on SDRG's recent press releases, it is clear that SDRG has issued additional securities since January 1, 2008 because it has raised $682,500 by issuing securities. Given that SDRG stock is now trading at approximately $0.16 per share, and SDRG has announced a letter of intent to issue securities at $0.15 per share, it is highly likely that SDRG has offered, issued or agreed to issue its securities at prices lower than $0.60 per share, which would entitled Alpha Capital immediately to additional shares of stock. SDRG has failed to respond to Alpha Capital's request for information relating to recent issuances of securities. Our request to SDRG's counsel to provide us with such information was met with the response to "serve an interrogatory," which would delay Alpha Capital's receipt of the information for over a month, the time allowed for responding under the Federal Rules absent a court order.

Assuming that SDRG had issued stock since January 1, 2008 at prices lower than $0.60 per share, as seems highly likely, Alpha Capital intends to move immediately for additional preliminary injunctive relief. The same likelihood of irreparable harm as supported the initial preliminary injunction still obtains. SDRG has the information about its stock sales readily available and there is no hardship in compelling SDRG to provide that information immediately.

Wherefore, I respectfully request that Your Honor order SDRG to respond to the enclosed interrogatories in writing and under oath within two business days.

Respectfully,

Kenneth A. Zitter

KAZ/nr
by fax

cc: Brooke E. Pietrzak, Esq.
Attorney for Defendant
by fax

*By July 21, 2008, Defendant shall respond to Plaintiff's interrogatories. Alternatively, by July 17, 2008, Defendant shall set forth its objection to responding to the interrogatories (if any).*

**SO ORDERED**

6/16/08

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE